FILED
APR 04 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY DEAN COCHRUN, | CIV. 14-4004 |
| Petitioner, | |
| -vs- | REPORT and RECOMMENDATION |
| ROBERT DOOLEY, Warden, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Larry Dean Cochrun, an inmate at the Mike Durfee State Prison, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## BACKGROUND

Petitioner, Larry Cochrun (Cochrun) was convicted of Aggravated Assault in violation of SDCL § 22-18-1.1(2) on August 28, 2006. The South Dakota Supreme Court affirmed his conviction on direct appeal on September 4, 2007. *State v. Cochrun*, 740 N.W.2d 887 (S.D. 2007) (Table). Cochrun filed a state habeas petition on December 12, 2011. The state court, the Honorable Jerome Echrich, dismissed Cochrun's state habeas case on February 14, 2012. Cochrun asserted, however that he did not receive the Order of dismissal. Judge Echrich reopened the case, appointed counsel, and reconsidered Cochrun's claims. Judge Echrich issued a Memorandum Decision and Final Order dismissing Cochrun's claims on August 21, 2012. On May 21, 2013, the South Dakota Supreme Court denied a Certificate of Probable Cause. Cochrun filed the instant federal Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 7, 2014.[1]

---

[1] This is Cochrun's second attempt to assert a federal § 2254 habeas corpus claim regarding his 2006 aggravated assault conviction. Cochrun filed a § 2254 petition in 2008 (*see* Civ. 08-4186, United States District Court, District of South Dakota) but that case was dismissed because Cochrun had not exhausted his state remedies. Cochrun was advised of the AEDPA one year statute of limitations in the undersigned's 2008 Report and Recommendation to dismiss the earlier case.

## DISCUSSION

Petitioner's § 2254 claim must be dismissed. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states in relevant part:

> **Rule 4. Preliminary Review; Serving the Petition and Order**
> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. ...

### 1. Cochrun's § 2254 Petition for Habeas Corpus is Barred by the AEDPA Statute of Limitations

28 U.S.C. § 2244(d) provides:

> **(1)** A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Cochrun's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Cochrun's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . .state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Judgment was entered on Petitioner's conviction on August 28, 2006. His conviction was affirmed on September 4, 2007. His petition for writ of certiorari to the United States Supreme Court was dismissed on April 2, 2008. He submitted his state habeas petition on December 12, 2011, and it was finally resolved on May 21, 2013. Although Cochrun's state habeas was not resolved until May 21, 2013, he did not initiate the state proceedings until December , 2011. In other words, over three years passed between the time the United States Supreme Court dismissed his petition for writ of certiorari and the time he submitted his state habeas petition–well beyond the one-year statute of limitations for filing a federal habeas claim. [2]

---

[2] The pendency of Cochrun's first federal habeas does not warrant tolling of the federal statute of limitations, nor does the dismissal of his petition without prejudice for failure to exhaust. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003).

## RECOMMENDATION

The face of Cochrun's § 2254 petition reveals that it is barred by the AEDPA statute of limitations. It plainly appears that Cochrun is not entitled to relief pursuant to the requirements of 28 U.S.C. § 2254(a). It is therefore respectfully recommended to the District Court that:

(1)  Petitioner's Motion to Proceed *in forma pauperis* (Doc. 3) be GRANTED;

(2)  Petitioner's § 2254 Application for Writ of Habeas Corpus (Doc. 1) should be DISMISSED with prejudice;

(3)  Petitioner's Motion to Amend (Doc. 5) should be DENIED as moot; and

(4)  Petitioner has failed to make a "substantial showing of the denial of a constitutional right." It is therefore also respectfully RECOMMENDED that a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 4 day of April, 2014.

BY THE COURT:

John E. Simko
United States Magistrate Judge